CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 21 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LUIS RAFAEL FIGUEROA HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> TERRY O'BRIEN, WARDEN, <br><br> Respondent. | Case No. 7:10CV00027 <br><br> MEMORANDUM OPINION <br><br> By: Glen E. Conrad <br> United States District Judge |

Petitioner Luis Rafael Figueroa Hernandez, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges the validity of his federal sentence based on his allegation that he was never indicted as well as on alleged constitutional violations. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

## Background

Petitioner alleges the following procedural facts related to his claims. He was convicted in March 2003 in the United States District Court for the District of New Jersey of conspiracy to possess with intent to distribute controlled substances and was sentenced to 420 months imprisonment. He also faces a thirty-year sentence for state court convictions that is running concurrent to his federal sentence.

As petitioner makes no clear statement of his claims, the court liberally construes his petition as alleging the following grounds for relief under § 2241:

    1. Petitioner suffers unlawful restraint of liberty because he was arrested and detained on June 3, 1998 without judgment and commitment order being issued against his person;

---

[1] Petitioner is currently confined at the United States Penitentiary in Jonesville, Virginia ("USP Lee"), within the territorial jurisdiction of this court. Accordingly, this court has jurisdiction to address his habeas claims, provided they are properly raised under § 2241. See Rumsfeld v. Padilla, 542 U.S. 426, 434-45 (2004).

> 2. The government has no evidence that petitioner has ever been indicted or found guilty by a jury;
>
> 3. Petitioner cannot be lawfully charged with any crime because he is not domiciled on federal territory;
>
> 4. Petitioner is held in custody in violation of "Article 4 of the United States Constitution," because he was arrested in Puerto Rico in 1998 without a warrant; and
>
> 5. Petitioner is held in custody in violation of "Article 5 of the United States Constitution," because he was arrested in Puerto Rico and then detained without indictment.

As relief, petitioner seeks an order discharging him from unlawful restraint.

## Discussion

Petitioner's claims challenge the validity of his federal conviction and sentence, rather than the calculation of the term of confinement under that sentence. If a federal inmate wishes to challenge the validity of his sentence as imposed, he must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Under very limited circumstances, an inmate may challenge the legality of his conviction or sentence by filing a petition for a writ of habeas corpus, pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

§ 2255(e) (emphasis added). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Applying these principles to petitioner's claims, the court concludes that they must be dismissed. All of his claims, concerning technical problems with the arrest and charging process preceding his conviction, would have been cognizable in other proceedings, including trial and appeal, and under § 2255, if petitioner could show cause for failing to bring his claims earlier. See, e.g., Johnson v. United States, 544 U.S. 295, 305-06 (2005). Thus, petitioner can bring the claims under § 2241 only if he proves under Jones that § 2255 is an inadequate or ineffective remedy. He fails to do so. He does not point to any intervening change in "substantive law" under which his federal offense conduct—conspiracy to possess controlled substances with intent to distribute—is no longer criminal, and the court is unaware of any such change in law.

## Conclusion

Based on the foregoing, the court concludes that petitioner cannot meet the elements of the Jones standard so as to allow the court to address his claims under § 2241. Jones, 226 F.3d at 333-34. Therefore, the § 2241 petition must be dismissed. An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 21st day of January, 2010.

/s/ Glen Conrad
United States District Judge